GUTTA PERCHA & RUBBER MANUFACTURING COMPANY
v. VILLAGE OF OGALALLA.

FILED JUNE 5, 1894.   No. 5396.

1. Municipal Corporations: CONTRACTS: RATIFICATION. The contract of a municipal corporation which is invalid when made, as in violation of some mandatory requirement of its charter, can be ratified only by an observance of the conditions essential to a valid agreement in the first instance.

2. ——: ——: ——.   But where the forms or conditions prescribed are not intended as a limitation upon the powers of the corporation, a compliance with such conditions is not essential to a binding ratification.

3. ——.   One who deals with a municipal corporation must, at his peril, take notice of the powers conferred by its charter, and whether the proposed indebtedness is in excess of the limitation imposed thereby.

4. Records: EVIDENCE.   Where the question at issue is the existence of a particular record, any person who has made an examination of the office or books where it should be found, and shows sufficient knowledge of the subject, is competent to testify to the non-existence of such record.

ERROR from the district court of Keith county.   Tried below before CHURCH, J.

See opinion for statement of the case.

*J. R. Brotherton* and *Tibbets, Morey & Ferris,* for plaint-
iff in error:

Defendant in error cannot repudiate its contract after re-
ceiving the benefits thereof, and the court erred in refusing
to admit testimony to prove that the city received the bene-
fit of the property purchased. (*Clark v. Dayton,* 6 Neb.,
193; *Follmer v. Nuckolls County,* 6 Neb., 213; *Grand
Island Gas Co. v. West,* 28 Neb., 852; *Ward v. Town of
Forest Grove,* 25 Pac. Rep. [Ore.], 1020; *San Francisco
Gas Co. v. City of San Francisco,* 9 Cal., 469; *Fister v. La
Rue,* 15 Barb. [N. Y.], 323; *Tyler v. Trustees of Tualation
Academy,* 14 Ore., 485; *Pixley v. Western P. R. Co.,* 33
Cal., 183; *City of Cincinnati v. Cameron,* 33 O. St., 336;
*Brown v. City of Atchison,* 39 Kan., 37; *Columbus Water-
works Co. v. City of Columbus,* 29 Pac. Rep. [Kan.], 762.)

Contracts openly made by the officers of a corporation
and within the knowledge of the incorporators, who have
acquiesced in and received the value of them, are binding
upon the corporation, although not expressly authorized in
its charter. (1 Dillon, Municipal Corporation [4th ed.],
sec. 444; *Pennsylvania R. Co. v. St. Louis, A. & T. H. R.
Co.,* 118 U. S., 290; Boone, Law of Corporations, sec.
101; *Whitney Arms Co. v. Barlow,* 63 N. Y., 62; *Darst v.
Gale,* 83 Ill., 136; *Zottman v. City of San Francisco,* 20
Cal., 96.)

The principal cannot avail himself of the benefits of the
act and repudiate its obligations. This rule applies as well
to corporations as to individuals. (*Leggett v. New Jersey
Manufacturing & Banking Co.,* 1 Sax. Ch. [N. J.], 541;
*Frankfort & Shelbyville Turnpike Co. v. Churchill,* 6 T. B.
Mon. [Ky.], 427; Mechem, Agency, sec. 167.)

*Grimes & Wilcox,* also for plaintiff in error.

*Albert Muldoon* and *John J. Halligan, contra,* contend-
ing that the contract was *ultra vires,* that the board of

trustees could not ratify the contract so as to make it binding against the village by accepting and using the goods, and that the village was not estopped to plead *ultra vires,* cited: Consolidated Statutes, sec. 2912; Dillon, Municipal Corporations [4th ed.], secs. 130, 444, 457, 461, 462, 936; *Nash v. City of St. Paul,* 11 Minn., 110; *Brady v. Mayor of City of New York,* 20 N. Y., 312; *City of Bryan v. Page,* 51 Tex., 532; *San Diego Water Co. v. City of San Diego,* 59 Cal., 517; *People v. May,* 9 Col., 81; *Mosher v. Independent School District of Ackley,* 44 Ia., 122; *McDonald v. Mayor of City of New York,* 68 N. Y., 23; *City of Blair v. Lantry,* 21 Neb., 253; *National State Bank of Mt. Pleasant v. Independent District of Marshall,* 39 Ia., 490; *French v. City of Burlington,* 42 Ia., 614; *Powell v. City of Madison,* 107 Ind., 106; *Law v. People,* 87 Ill., 385; *Agawam Nat. Bank v. South Hadley,* 128 Mass., 503; *Burrill v. City of Boston,* 2 Clif. C. C. [U. S.], 590; *Litchfield v. Ballou,* 114 U. S., 190.

Post, J.

This was an action by the plaintiff in error against the defendant in error in the district court of Keith county to recover the price of certain hose, hose carts, reels, ladders, and other apparatus of like character in common use by town and village fire companies. It is alleged that said property was sold and delivered to the defendant, at its request, on the 29th day of April, 1887, for the agreed price of $569, and for which amount judgment was demanded. An answer was interposed, in which it was alleged, in substance, that although the board of trustees of the defendant village entered into an agreement to purchase from the plaintiff the property mentioned in the petition and for the price therein stated, said agreement is void, for the reason that no appropriation had previously been made for the purchase of said property, or that was available for said purpose; and that during the municipal years of 1885 and 1886 and

1886 and 1887 said village had made no appropriation, by ordinance, resolution, or otherwise, for the defraying of any part of the expenses thereof, and that said defendant never received or appropriated said property or otherwise ratified said agreement. The reply was, in substance, a general denial of the allegations of the answer. The provision of statute relied upon by the defendant is section 89 of chapter 14, Compiled Statutes, entitled "Cities of the Second Class and Villages," which reads as follows: "No contract shall be hereafter made by the city council or board of trustees, or any committee or member thereof; and no expense shall be incurred by any of the officers or departments of the corporation, whether the object of the expenditure shall have been ordered by the city council or board of trustees or not, unless an appropriation shall have been previously made concerning such expense, except as herein otherwise expressly provided." The evidence introduced at the trial fully sustains the allegations of the answer as to the failure of the village to make an appropriation available for the payment of the plaintiff's claim, whereupon the latter offered to prove by witnesses present that the village had received the property in controversy, paying the freight thereon, and had used it continuously since that time. That offer was rejected on the objection of the defendant village, and a verdict of no cause of action returned under the direction of the court. Judgment was subsequently entered upon the verdict, whereupon the cause was removed to this court by the petition in error of the plaintiff company.

There is practically but one question for consideration, and which is fairly presented by the offer and ruling above named. In this connection it should be remarked that no claim is made that this case is within any of the exceptions contemplated by the statute quoted. The cases bearing upon the question of the power of municipal corporations to ratify their unauthorized contracts are confusing

and apparently irreconcilable.  It would subserve no use-
ful purpose to examine them at length in this connection
or to attempt a statement of the grounds upon which they
rest.  It is sufficient that there is one principle which seems
to run through them all, viz.:  If a contract is invalid when
made, because in violation of some mandatory requirement
of statute, it will be deemed *ultra vires*, and can be ratified
only upon the conditions essential to a valid agreement in
the first instance; but where the formalities prescribed or
conditions imposed are not intended as a restriction upon
the corporate power, a binding ratification may be made in
a different mode.  (*Town of Durango v. Pennington*, 8 Col.,
257; *McCracken v. City of San Francisco*, 16 Cal., 623;
*San Diego Water Co. v. City of San Diego*, 59 Cal., 522;
*Cory v. Freeholders of Somerset*, 44 N. J. Law, 445; *Keeny
v. Jersey City*, 47 N. J. Law, 449; *Newman v. City of Em-
poria*, 32 Kan., 456; *McBrian v. City of Grand Rapids*,
56 Mich., 103; *McDonald v. Mayor of City of New York*,
68 N. Y., 23; *Smith v. City of Newburgh*, 77 N. Y., 130;
*Agawam Nat. Bank v. South Hadley*, 128 Mass., 509;
Dill, Municipal Corporations [4th ed.], 457.)  It is plain
that the statute under consideration is mandatory and an
express limitation upon the powers of cities and villages
of the class to which it applies.  Indeed, stronger language
could not have been used, and its meaning is too apparent
for construction.  It is the recognized doctrine that whoever
contracts with a municipality must, at his peril, take notice
of the powers conferred by its charter and whether the pro-
posed indebtedness is in excess of the limitations imposed
thereby.  (*Hodges v. City of Buffalo*, 2 Denio [N. Y.], 110;
*Lowell Five Cents Savings Bank v. Winchester*, 8 Allen
[Mass.], 109; *People v. May*, 9 Col., 80; *Law v. People*, 87
Ill., 385; *French v. City of Burlington*, 42 Ia., 614.)  As
said in the case last named, "any other rule leaves the tax-
payer at the mercy of the officers of the city and contractor,
and would render the constitutional provision nugatory.

Such a result cannot be contemplated or allowed to prevail." And if a recovery is sanctioned upon a contract like this, on the ground that it has been subsequently ratified, surely legislative restrictions upon corporate powers is in vain. It would then be within the power of willing or corrupt officers to accomplish by indirection that which is prohibited in the most explicit terms of the statute or charter. There may be cases in which considerations of equity and good faith will impose upon a municipal corporation the duty of returning property, or its equivalent, where an action would not lie upon contract, express or implied. That question is, however, not presented by the record of this case and is not decided.

2. The defendant was permitted, over the objection of the plaintiff, to prove by a witness called for that purpose that he, witness, had examined the minutes of the proceedings of the village board for the years beginning in May, 1886, and ending May, 1887, and that said minutes contained no record of any appropriation for the purchase of the apparatus in controversy, or for defraying any of the expenses of the village during said period. Exception was taken to that ruling, which is also assigned as error. The objection urged to the testimony of the witness is that it is secondary only. A sufficient answer to that objection is that the record referred to by the witness had previously been offered in evidence by the plaintiff and received without objection. We must presume that the book being in evidence, the court and jury were fully advised with respect to its contents, as far at least as material to the question at issue. But it was not secondary evidence. That contention is based upon an entire misconception of the rule, which excludes only that evidence which of itself indicates the existence of more original sources of information. (1 Greenleaf, Evidence, 82.) Any person who has examined offices or records, and shows a sufficient knowledge of their contents, will be permitted to testify that a par-

ticular fact does not appear of record therein. (*Cross v. Pinckneyville Mill Co.*, 17 Ill., 54.) There is no error in the record and the judgment of the district court is

AFFIRMED.