[Civil No. 2163.   Filed June 6, 1924.]

[226 Pac. 531.]

THE CITY OF YUMA, Appellant, v. R. T. ENGLISH and W. T. PIERCE, Copartners Doing Business Under the Firm Name of ENGLISH & PIERCE, Appellees.

1. MUNICIPAL CORPORATIONS — CONTRACTOR'S COMPLAINT, ALLEGING SALE AND DELIVERY OF BUILDING, HELD DEMURRABLE.—Contractor's complaint, alleging sale and delivery of building at special instance and request of defendant city and failure to pay, without alleging compliance with charter regulations and municipal law, requiring written contracts, *held* demurrable.

2. MUNICIPAL CORPORATIONS—CONTRACTORS HELD ESTOPPED TO OBJECT BUILDING FUND WAS INSUFFICIENT. — Where contractors for city hall were fully informed before contract was made concerning financial condition and resources of city, and source from which construction funds were to be derived, they were estopped to urge, after its complete execution, that contract was void because when

------

1. See 19 R. C. L. 1061.

made there were insufficient funds in building fund to meet en-
tire contract price.

3. JUDGMENT—VOID IF NOT CONFORMING TO PLEADINGS.—Complaint in
action by building contractors against city, alleging sale and de-
livery of building to city, created fictitious issue, not arising out
of any actual transaction, and judgment on the building contract
did not conform to it, and under Civ. Code 1913, paragraph 548,
it cannot stand.

APPEAL from a judgment of the Superior Court
of the County of Yuma. Fred L. Ingraham, Judge.
Reversed.

Mr. H. Wupperman, Mrs. Mary A. Wupperman,
of Counsel, for Appellant.

Messrs. Robertson & Lindeman and Mr. R. N.
Campbell, for Appellees.

LYMAN, J.—This action is by English & Pierce,
to recover from the city of Yuma, a municipal cor-
poration, the price of a city hall, which they allege
in their complaint was "sold and delivered to the
defendant" at its "special instance and request,"
and alleged to have been "reasonably worth $68,000,"
an amount which the defendant "promised to pay,"
but failed to do, with the exception of $36,631.

The complaint is a detail from the ancient common
counts, alleging sale and delivery at special instance
and request of the buyer and failure to pay. It
assumes that a municipal corporation may buy a city
hall out of hand, with the easy indifference to for-
malities and the restraints of charter regulation and
municipal law that might attend the purchase and
sale of personal property by a private individual.

The city of Yuma, like most municipalities, is re-
quired to embody its contracts and transactions of
this sort in writing. The plaintiffs do not place

---

3. See 15 R. C. L. 604.
· See 33 C. J. 1152; 28 Cyc. 674, 686.

themselves in any position to claim exemption from that rule. The demurrer should have been sustained and the complaint dismissed. *Gutta-Percha & Rubber Mfg. Co.* v. *Ogalalla,* 40 Neb. 775, 42 Am. St. Rep. 696, 59 N. W. 513; *Hague* v. *City of Philadelphia,* 48 Pa. 527; *Commonwealth ex rel. Carlson* v. *Baker,* 212 Pa. 230, 61 Atl. 910; *Addis* v. *City of Pittsburgh,* 85 Pa. 379; *Portland* v. *Bituminous Paving Co.,* 33 Or. 507, 72 Am. St. Rep. 713, 44 L. R. A. 527, 52 Pac. 28; *Board of Supervisors of Jefferson County* v. *Arrighi,* 54 Miss. 668; *Smith* v. *City of Newburgh,* 77 N. Y. 130; *Wrought-Iron Bridge Co.* v. *Board of Commissioners,* 19 Ind. App. 672, 48 N. E. 1050; *Kansas City* v. *O'Connor,* 82 Mo. App. 655.

Without stopping to further point out the futility of this complaint, it may be profitable to consider the practical vice of such a pleading as applied to the undisputed facts of this case. The city of Yuma took the necessary legislative steps to provide for the construction of a city hall. It accepted the bid of the plaintiffs to do the work and furnish the material for the sum of $47,569. A written contract secured by bond was executed for that purpose, and the work of construction begun. Before the building was completed, however, the contractors became apprehensive that the funds on hand would not be sufficient to meet their demands at the rate of progress they were then making. At any rate, there was some talk of that sort between the contractors and individual members of the city government, and it was suggested that during the summer months the work be discontinued. This was done apparently upon the personal promise of some city officials that if any loss resulted to the contractors on account of the delay, the city would reimburse them for it. No action purporting to be official was taken in the matter. In the fall the work was resumed and finished.

All claims filed by the contractors were paid promptly as they were presented, with the exception of the final claim, which was audited and allowed in part, and for the amount of the balance admitted to be due under the contract, together with a further amount of $2,159.74 for extras admitted to have been furnished in excess of the contract. These two admitted items amounted to $13,096.94, which was not, however, paid, because claims in excess of that amount had been duly presented to the city on account of labor performed and materials furnished to the contractor and not paid. The contract provided that such claims, if correct, should be paid by the city, and deducted from the amount which would otherwise be payable to the contractor. Although the plaintiffs had been from time to time making claims, and being paid in accordance with the contract of construction, after the building was finally completed, the last demand filed by them was for the sum of $68,000, which their proof of claim states is the "reasonable and actual value" of the work of construction. From this sum is deducted the payments already made of $36,631.80, and the balance of $31,368 is demanded. No attempt is made to itemize the claim, and the contract under which they had been operating was ignored. Such a claim constitutes no basis of recovery, and might very properly have been wholly disallowed, and no payments made until a proper demand had been filed.

There was no proof made or offered of any "sale" or "delivery" of a city hall by the plaintiffs, and no *bona fide* attempt to establish a cause of action upon any state of facts suggested or legitimately arising under the allegations of the complaint. It may be gathered from cross-examination of witnesses by the plaintiffs that they considered the contract void, because at the time it was entered into there were not sufficient funds in the building fund of the city to

meet the entire contract price. Whether there were or not, there is nothing in the pleading to raise such an issue. The plaintiffs were fully informed before the contract was made concerning the financial condition and resources of the city, and the source from which the funds to construct the city hall were to be derived, and were estopped from raising any such objection to the contract after its complete execution.

In rebuttal the plaintiffs introduced evidence which it is assumed tends to show that they were damaged to the amount of $5,565, because of delay due to apprehension of lack of funds to meet the current payments. There is no sufficient showing that the delay in the work was not wholly voluntary, or that the funds would not have been available to meet the claims for construction work as they would be presented. No claim presented was disallowed or ever delayed from lack of funds. No attempt is made to prove any items or detail concerning any possible loss which the contractor suffered because of such delay. The only proof, if it can be called such, consists in the bald estimate and conclusion made by one of the plaintiffs that the "additional expenses" due to the delay in construction amounted to $5,565. All of this evidence, such as it was, is wholly without any pleading to sustain it.

The complaint attempts to create a fictituous issue, not arising out of any actual transaction between the parties hereto, serving no legitimate purpose, but inevitably tending to confusion, delay, and unnecessary expense. The judgment recovered does not conform to it, and cannot stand. Civil Code of Arizona, paragraph 548.

Plaintiffs had judgment for $19,084.12, including in it an item of $5,300, on account of damages suffered by the contractors due to delay in the work of construction, because of lack of funds. There was also an adjudication of claims for labor and material

furnished the contractors, amounting to $28,505.41, and an attempt made to prorate the amount of the judgment against the city of Yuma among them.

The only part of the judgment appealed from is the allowance of the item of $5,300. As to that amount the judgment will be vacated, and the cause remanded to the superior court of Yuma county for such further proceedings in the premises as the exigencies of the case may require, not inconsistent with this opinion.

McALISTER, C. J., and ROSS, J., concur.