[Civil No. 2183.   Filed October 6, 1924.]

[229 Pac. 90.]

THE ARIZONA REALTORS, INC., a Corporation, Appellant, v. FRANK LESTER and ANNIE LESTER, Appellees.

1. APPEAL AND ERROR—ASSIGNMENT OF ERRORS HELD INSUFFICIENT BECAUSE TOO GENERAL.—Assignments of error that judgment is not justified by evidence, that judgment is contrary to law, and that court erred in denying motion for new trial *held* too general, and therefore insufficient.

2. APPEAL AND ERROR—INSUFFICIENT ASSIGNMENTS, NOT OBJECTED TO IN WRITING, MUST BE CONSIDERED.—Where appellee does not serve written notice of objections to insufficient assignments of error, as provided in Civil Code of 1913, paragraph 1262, such defect is waived and Supreme Court will consider them.

---

1.  See 2 R. C. L. 161.
2.  See 2 R. C. L. 171.
    See 3 C. J. 1386, 1392, 1398; 4 C. J. 212.

3. Appeal and Error—Judgment Affirmed, Where Neither Statement of Facts, Bill of Exceptions, nor Transcript of Reporter's Notes is Filed.—Where abstract contains no testimony, and neither statement of facts, bill of exceptions, nor transcript of reporter's notes is filed, rendering it impossible for Supreme Court to determine whether trial court's holding is supported by the evidence, judgment will be affirmed.

APPEAL from a judgment of the Superior Court of the County of Pima. Kirk T. Moore, Judge. Affirmed.

Mr. E. B. O'Quinn, for Appellant.

Mr. James R. Dunseath, for Appellees.

McALISTER, C. J.—The Arizona Realtors, Inc., a corporation, seeks by this action, filed August 16, 1922, to enforce specific performance of a contract and to recover damages for an alleged breach thereof, and judgment having gone against it below it has brought the case here for review.

Frank Lester and Annie Lester, defendants in the trial court, were the owners of several hundred lots situated in Monterey Addition to the City of Tucson, Arizona, and on August 15, 1921, they executed and delivered to appellant a contract giving it the exclusive right and privilege to sell these lots upon the terms and conditions therein mentioned. It appears from the complaint that the contract provided, among other things that appellant should sell the lots for the amounts specified therein, and that appellees would pay it a commission of twenty-five per cent of the purchase price of all or any of said lots sold during the term of the contract; that five per cent or more of the total consideration on each lot and not less than five per cent should be paid each month, and that appellant might deduct and retain on account of any commissions due it under the contract one-half of all payments made by the purchasers of lots there-

under until such time as said commissions should be paid and satisfied in full; that the contract should be in full force and effect for a period of one year from August 15, 1921, and "that in the event that twenty per cent of said lots are sold by it within that time, that then and in that event said contract shall automatically be extended for two years from this date, and if at the expiration of two (2) years from this date, fifty per cent (50 per cent) of said lots shall have been sold that then and in that event said contract shall be extended for three years from this date"; that on August 11, 1922, it sold 59 of said lots to one Harry F. Pierce in accordance with the terms of the contract and on the fourteenth day of August, 1922, a cash payment of $550 thereon was tendered to appellees with the request that they approve said sale and receive and receipt for said $550, but they refused and ever since have failed and refused either to approve said sale or accept said $550; that said sale was made before the expiration of the first year of the contract and within the time allowed appellant to sell twenty per cent of said lots in order that the contract might be extended for an additional period of one year from August 15, 1922; that including this sale appellant sold within one year from the fifteenth day of August, 1921, more than twenty per cent of all of said lots, which had the effect of extending the contract one year from August 15, 1922, and of keeping it in full force and effect until the time this action was filed; that it has suffered damages in the sum of $2,500 by reason of defendants' failure to perform their contract.

The answer admits the ownership of the lots and the execution of the contract but denies the other allegations. The trial, at which testimony in behalf of both parties was received, resulted in a judgment for defendants, and to reverse this appellant urges these

three assignments: First, the judgment is not justi-
fied by the evidence; second, the judgment is contrary
to the law; and third, the court erred in denying the
motion for a new trial.

It is apparent that these assignments are too gen-
eral and therefore insufficient. *County of Pinal* v.
*Heiner,* 24 Ariz. 346, 209 Pac. 714; *Charouleau* v.
*Shields & Price,* 9 Ariz. 73, 76 Pac. 821. However, no
written notice of objection to them was served on ap-
pellant, hence the defect is waived by appellees and
will have to be overlooked by the court. *Smith* v.
*Arizona Engineering Co.,* 21 Ariz. 624, 193 Pac. 303;
par. 1262, Civ. Code 1913.

But when one undertakes to examine the record to
determine whether these assignments find support
therein he is immediately confronted with the fact
that there is nothing in it from which this may be
ascertained. The abstract contains the pleadings,
judgment, motion for new trial, minute entries, notice
specifying papers, and the clerk's certificate, but no
part of the testimony, and there are found among the
files no transcript of the reporter's notes, statement
of facts or bill of exceptions. A number of contracts
evidencing the sale of lots to different purchasers
were, it appears from appellant's brief, introduced in
evidence and marked as exhibits, but they are neither
abstracted nor included in the papers filed in this
court.

The ground of complaint, as we gather it from
that portion of the record brought here, is that ap-
pellees terminated the contract at the end of the first
year because appellant did not, they contended, sell
during this period twenty per cent of the lots,
whereas, the fact was, according to appellant, it had
sold more than twenty per cent of them. To deter-
mine which contention was correct it was necessary
to ascertain whether appellant had made a sale of

59 lots to Harry F. Pierce on August 11, 1921, and it is apparent that there is nothing before us from which it can be said that the trial court's holding on this question is not supported by the evidence.

Such being the case this court cannot do otherwise than affirm the judgment. Such is the order.

ROSS and LYMAN, JJ., concur.