[Civil No. 2994.   Filed May 11, 1931.]

[299 Pac. 124.]

NOBLE E. WHITE, M. A. WHITE, THOMAS YOUNG, LIZZIE WILLIAMS, FREDA FILER, MARY E. SCOTT and CLEMENZA SNOW, Appellants, v. NOLA HAMILTON, CLAY CREDILLE, TENNIE CREDILLE, BETTIE SCOTT, JENNIE LUCAS and BERTHA PERKINS, Trustees of Palm Chapter No. 3, Order of Eastern Star, a Secret Society, Appellees.

Mr. Robert L. Fortune and Messrs. Speakman & Seaman, Associate Counsel on Appeal, for Appellants.

Mr. V. L. Hash, for Appellees.

ROSS, J.—The pleadings in this case present for determination the question as to which, the plaintiffs or defendants, are the trustees of Palm Chapter No. 3, Order of Eastern Star of Arizona, and entitled to its property, the use of its name, and the exercise of its functions.

The plaintiffs, consisting of Nola Hamilton et al., in their complaint, defendants, consisting of Noble E. White et al., in their answer and cross-complaint, and plaintiffs in their answer to cross-complaint, agree that Palm Chapter No. 3 obtained its charter from the Grand Chapter, Order of Eastern Star of Arizona. So the issue in dispute was as to who were the trustees of that chapter, all others being incidental. Neither side questioned the legality of the chapter or that the source of its existence and powers was other than the Grand Chapter, Order of Eastern Star of Arizona. It is true defendants alleged in their cross-complaint that plaintiffs had withdrawn from Palm Chapter No. 3, but plaintiffs came back with a flat unequivocal denial of that averment.

It is elementary that parties are bound by their pleadings. What is admitted by both parties is binding alike on them and the court, and neither party may introduce evidence to contradict or disprove what he admits or asserts as a fact in his pleadings. We call particular attention to the only issue to be tried, not only because of its importance, but because of the little notice it received in the final determination of the case.

The case was tried before the court, without a jury. Written findings of fact were made and judgment entered thereon in favor of the plaintiffs. The defendants have appealed, but they have not brought up the evidence taken in the trial below. We have therefore only the pleadings, the substance of which we have stated, and the findings and judgment, and the sufficiency of the assignments must be determined by this limited record.

One of the assignments made by defendants is that the "judgment is contrary to the pleadings of both parties and to the findings of fact." The formal written findings and the judgment we quote:

"1. That Palm Chapter No. 3, Order of the Eastern Star is a secret society and was organized in Texas under the jurisdiction of the Grand Lodge of the Free and Accepted Masons and it withdrew and affiliated with the grand lodge of Masons of Ariz.

"2. The Court further finds that the said Palm Chapter No. 3, on the 12th day of September, 1929, at a regular meeting held by said lodge, withdrew from the Grand Lodge of Ariz.

"3. The Court further finds that all the property, paraphernalia and money belonging to said Palm Chapter No. 3, is the property of the said Palm Chapter No. 3, and of the plaintiffs.

"4. The Court finds that the name 'Palm Chapter No. 3' is the property of the plaintiffs and not the property of the defendants.

"5. The Court further finds that the charter issued from the Grand Lodge of the Order of Eastern Star

of Arizona is the property of the Grand Lodge of the Order of Eastern Star of Arizona. . . .

"Wherefore, it is ordered, adjudged and decreed that the plaintiffs are entitled to the name 'Palm Chapter No. 3' and to all the paraphernalia and monies belonging to said chapter on the 12th day of September, 1929, and that the defendants and each of them are hereby and forever enjoined and barred from any and all claim or right or use of the name 'Palm Chapter No. 3 Order of the Eastern Star' or the paraphernalia or monies belonging to said Palm Chapter No. 3, Order of the Eastern Star, and the plaintiffs are hereby and forever enjoined and barred from the use of the words 'of Arizona' after the words 'Palm Chapter No. 3 Order of Eastern Star.' . . ."

Finding No. One introduces into the case a new party litigant, to wit, Palm Chapter No. 3, Order of Eastern Star, a Texas organization, and the next three findings are concerning this foreign chapter and its rights, all of which are outside of the issues. The judgment is in favor of this nonresident chapter, neither actually nor nominally a party. The general law, as well as our statute (section 3834, Revised Code of 1928), requires that the judgment entered in a case shall conform to the pleadings. 15 R. C. L. 604, § 43. A judgment which does not conform to the complaint cannot stand. *City of Yuma* v. *English,* 26 Ariz. 438, 226 Pac. 531. Under the issues, the court, upon being informed that the plaintiffs were, if anything, the trustees of a Texas chapter of the Order of Eastern Star, and not of an Arizona chapter as alleged in their complaint, should have dismissed them, unless they had asked to amend to conform with the proof, and proceeded to hear the defendants upon their cross-action, and, if the proof showed them to be the duly elected and qualified trustees of Palm Chapter No. 3, Order of Eastern Star of Arizona, entered judgment for them. Instead of following this regular, natural, and proper course, there was a complete

departure from the pleadings. The judgment entered was therefore contrary to the pleadings, and it cannot be saved because it conforms to the findings, the findings themselves being upon questions foreign to the issues.

It is apparent that the questions involved were largely questions of fact. Whether the plaintiffs or the defendants are right in their contention depends almost entirely upon the constitution and by-laws of the Grand Chapter of the Order of Eastern Star that issued to them a charter to institute Palm Chapter No. 3 and what was done thereunder. It is unfortunate that the findings are not more complete and definite, or that we do not have the evidence.

All the litigants are colored people, or persons of the negro race. As we understand it, in a general way their Order of Eastern Star is formulated along lines similar to but not exactly like those of the white race. But if such orders were the same, we could not take judicial notice of their organic laws, rules, and regulations. These and what the respective litigants had done thereunder would still be matters of proof. It may be that the evidence justified the judgment entered, if the pleadings had been amended to conform therewith, but it is not clear to our minds how or why plaintiffs, if they already had a charter from the Texas organization (see finding No. 1), could or would accept a charter from the local jurisdiction, or, having done so, could take with it the chapter's paraphernalia and funds by the simple process of withdrawing (finding No. 2), especially when the local chapter continued to exist and function.

Defendants also rely for reversal upon the appearance in the record of what they say is two sets of findings of fact and two judgments, which they say are not consistent. What is claimed as the first findings of fact and judgment consists of a general statement of the facts announced from the bench, taken

down as part of the minutes of the clerk, made in connection with an order for judgment for plaintiffs. But, even if the statements of fact made by the court were inconsistent with the written findings above set forth, that would not affect the situation. The reasons announced from the bench for ordering judgment, although they may take the form of findings of fact, are not such findings as are provided for by the statute. Section 3819, Revised Code of 1928. Oral statements by the court of conclusions from the evidence and of reasons for the judgment rendered are not entitled to consideration as findings of fact and conclusions of law. *Deatsch* v. *Fairfield,* 27 Ariz. 387, 38 A. L. R. 651, 233 Pac. 887; *Stock Growers' Finance Corp.* v. *Hildreth,* 30 Ariz. 505, 249 Pac. 71; *Watson* v. *Ocean Accident & Guarantee Corp., Ltd.,* 28 Ariz. 573, 238 Pac. 338. We also think the court's statement from the bench was in the nature of an order for judgment and was not intended to give in detail the judgment formally to be prepared and entered.

We have this to say: This record lacks much, and because of that fact we have found it very difficult to arrive at what seemed to us to be a just and proper solution of the problem presented. The trial court must of necessity depend more or less upon counsel in the preparation of findings and judgments, and, if they turn out to be inadequate or inaccurate, the responsibility or fault is on the attorney. The exercise of a little more care and skill by counsel for plaintiffs might have obviated the necessity of a reversal of the lower court.

The judgment is reversed and the cause remanded for a new trial.

McALISTER, C. J., and LOCKWOOD, J., concur.