FRANK GRAD & SON, INCORPORATED, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.

Argued February 5, 1937—Decided July 7, 1937.

For the appellant, *McCarter & English* (*Arthur F. Egner, Augustus C. Studer, Jr., Benjamin Newman* and *James R. E. Ozias,* of counsel).

For the respondent, *Frank A. Boettner.*

The opinion of the court was delivered by

HETFIELD, J. This action was instituted to recover the sum of $144,580, which plaintiff alleges is due it for architectural services rendered the city of Newark in connection with a proposed construction of a new hospital, which did not materialize, due apparently to a change in attitude on the part of the city. The trial court heard the case without a jury on an agreed state of facts, and found in favor of the defendant. Judgment was entered accordingly, from which this appeal is taken.

The terms and conditions of the contract of employment are contained in a resolution adopted by the board of commissioners March 13th, 1935, and the findings of the trial court were based mainly on that part of the resolution which reads: "The compensation of the services of said Architects for said work is to be based on the scheduled rate of the American Institute of Architects, to be paid if and when funds are made available for the said purpose, whether said funds be made available from the Public Works Administra-

tion or from some other source. It is distinctly understood that this resolution carries no obligation on the part of the City of Newark to in any manner compensate the said Frank Grad and Son, Architects, for services to be rendered in connection with a study and preparation of sketches, plans, et cetera, until funds are available for the alterations or construction hereto above set forth." The sole question involved is whether the necessary funds were at any time available for the purpose contemplated. We think not. The record shows that pursuant to the resolution of March 13th, 1935, the plaintiff soon thereafter made and completed preliminary sketches and memorandum specifications, and later, furnished complete and detailed plans and specifications covering the proposed new hospital, the construction of which was to cost approximately $3,090,909. As a result of an application made by the city, the Federal Emergency Administration of Public Works offered to aid in financing the work by making an outright grant of $1,390,909, and by purchasing city bonds in the principal amount of $1,700,000. The city, by resolution, accepted the government's offer, and subsequently applied by requisition for a payment on account of the grant, to be used for preliminary expenses, which was honored by the government for a less amount than requested. The government accordingly forwarded its check, which was returned by one of the city commissioners. The city adopted several resolutions directing certain preliminary work to be done, such as demolishing the old buildings and making the necessary test borings, &c., and also authorized payment to be made for some of the work performed. On or about March 19th, 1936, the city abandoned the project, and the offer of the federal government was accordingly rescinded.

It is apparent that the city, by its several acts subsequent to the resolution of March 13th, 1935, evidenced an intent to proceed with the construction of the hospital and raise sufficient money for that purpose. However, the fact remains that the statutory requirements, which were necessary before money could be appropriated for the work in question, were never carried out, and sufficient funds were at no time avail-

able. Therefore, under the contract of employment, the plaintiff was not entitled to any compensation.

The Home Rule act, chapter 152, *Pamph. L.* 1917, § 6, provides in part: "No municipality shall enter into any contract whatsoever, the cost of which is to be met by funds other than those included in the budget of appropriations for the year, unless prior thereto there shall have been regularly ·adopted by the governing body of such municipality an ordinance authorizing an appropriation sufficient to meet the cost of carrying out the provisions of such contract," &c.

There is no indication in the record that the annual budget appropriation provided for this expenditure, or that an ordinance was ever adopted appropriating the required amount. A municipality has no power or authority, except that derived from the statute, to appropriate money, and no funds can be legally available for any purpose unless and until the statutory prerequisites are observed and performed.

We are unable to agree with the plaintiff's contention that the necessary funds were available because of the offer made by the federal government, as that was contingent on the city taking such legal action as might be necessary to appropriate the sum of $1,700,000, which was never done. The plaintiff also argues that even if funds were not available, the city is liable because of its neglect to take the necessary steps to make the funds available, and cites among other cases, *Dale* v. *City of Scranton* (*Pa.*), 80 *Atl. Rep.* 1110. We are unable to see how this case furnishes any support of such contention, for the reason that there the city contracted to pay a specific sum of money for certain work, and the contract provided that payments thereunder should be made only from a certain fund consisting of money received from assessments to be levied under the improvement ordinance. The city neglected to make any collections for several years, and the court held that it was liable for the contract price out of its general funds. In the present case, the parties mutually agreed that compensation was to be paid *if and when* funds were made available, and we are unable to find anything in the record to indicate that such a situation ever existed.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.