47 N.J. Super. 596 (1957)
136 A.2d 448
WESTON GAVETT, STANLEY N. WILLIAMS AND JOHN D. COLLINS, INDIVIDUALLY, AND AS EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF CLYDE POTTS, DECEASED, PLAINTIFFS,
v.
CITY OF HOBOKEN, A MUNICIPAL CORPORATION IN THE COUNTY OF HUDSON AND STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 27, 1957.
*597 Mr. Ralph Porzio, attorney for plaintiffs (Mr. Frank C. Scerbo, of counsel).
Mr. Robert F. McAlevy, Jr., attorney for defendant (Mr. Otmar J. Pellet, of counsel).
DREWEN, J.C.C. (temporarily assigned).
This is a suit by the estate of Clyde Potts, deceased, against the City of Hoboken to recover the reasonable value of professional engineering services claimed to have been rendered the city by decedent during his lifetime. The facts are more or less extensively stipulated by the parties, and additional testimony was taken upon the trial of the case had before me without a jury.
Previously there had been a motion by defendant for summary judgment under R.R. 4:58-2 based upon the pleadings and the stipulation aforementioned, on the ground that there was presented no genuine issue as to any material fact. In opposing the motion plaintiffs urged the prospective potentialities of the trial proof, and because of that the motion for summary judgment was denied. But now that the trial has been had it can be stated that nothing adduced thereon has altered the legal or factual situation, in my opinion; and had the matter been thus manifested at the time of the motion for summary judgment the motion must have been granted.
On the trial defendant, having rested its cause upon the conclusion of plaintiffs' proofs, asked for a statement by plaintiffs of the theory and grounds of its claimed right to recover. Upon plaintiffs' compliance defendant moved for judgment of dismissal and the motion was duly argued. The decision then reserved is hereby rendered.
At the time of the employment of plaintiffs' decedent the defendant city was under the commission form of government. The employment occurred January 22, 1945 and *598 is in the form of a letter addressed to plaintiffs' decedent by Thomas J. McAleer, defendant's then Director of Public Works. Decedent died May 19, 1950, and between the two dates last stated the said Clyde Potts, pursuant to his engagement by Commissioner McAleer, rendered services from time to time that were accepted by the city. The services thus rendered, while somewhat extensive, were not, I find, substantial, having in mind the full scope and purpose of the employment.
It is my judgment that this decision is controlled inexorably by N.J.S.A. 40:2-12 and R.S. 40:2-29. The former of the cited statutes reads:
"The governing body of any county or municipality may, and, if any contracts, commitments or payments are to be made prior to the adoption of the budget of any fiscal year, shall, not later than the thirtieth but not prior to the first day of such year, by resolution make appropriations to provide for the period between the beginning of the budget year and the adoption of the budget herein provided. The total of the appropriation so made, exclusive of the amount so appropriated for interest and debt redemption charges and for relief of the poor, shall not exceed one-quarter of the total of th appropriations made for all purposes other than interest and debt redemption charges and for relief of the poor in the budget for the preceding fiscal year. The amounts of all such temporary appropriations shall be included under the correct headings in the amounts appropriated in the budget as finally adopted. Nothing herein contained, however, shall prevent or relieve the governing body of a county or municipality at any time before the budget is adopted, but not earlier than the tenth day preceding the beginning of the budget year, from making appropriations for all interest and debt redemption charges maturing during the budget year."
The latter of the cited statutes reads:
"Except as may be otherwise provided in section 40:2-31 of this title, no officer, board, body or commission shall, during any fiscal year, expend any money (except to pay notes, bonds, or interest thereon), incur any liability, or enter into any contract which by its terms involves the expenditure of money:
a. For any purpose for which no appropriation is provided in the budget or by temporary appropriation pursuant to section 40:2-12 of this title, or
b. In excess of the amount appropriated for any such purpose.
*599 Any contract, oral or written, made in violation hereof shall be null and void as to the county or municipality, and no moneys shall be paid thereon. Nothing in this section contained, however, shall prevent the making of contracts or the spending of money for capital projects to be financed in whole or in part by the issuance of notes, or bonds, nor the making of contracts of lease or for services for a period exceeding the fiscal year in which such contract is made, when otherwise provided by law."
The respective mandates of these statutes, requiring as they do prior appropriation for services to be rendered as in this case, were never complied with. There is a question as to whether subsequent appropriations of $10,000 each, made for and in the years 1945, 1946 and 1947 under the heading "Plans for Sewage Disposal," did have or were intended to have any availability for the employment presently in question. But whether these appropriations for any reason do or do not apply here is of no moment. The fact remains that there was no appropriation prior to the employment and this is what the statutes and the decisions thereunder uncompromisingly demand.
Upon the trial plaintiffs were at pains to show in full such performance as was had pursuant to the employment, and thereby to establish a legal right on a moral ground, so to speak. But the relentless logic inherent in the nature of things legally and factually stands in the way of that approach. The object of the budgetary discipline designed by the enactments is manifest. There would be scant discipline, indeed complete frustration of all disciplinary purpose, were the very dealings the statute seeks to prevent to be taken as a means of their evasion. In a word, the thing forbidden cannot be justified by making it a fait accompli. The decisions that sustain the view I have expressed are Frank Grad & Sons, Inc. v. City of Newark, 118 N.J.L. 376 (E. & A. 1937); Murphy v. Town of West New York, 132 N.J.L. 595 (Sup. Ct. 1945); Samuel v. Borough of South Plainfield, 136 N.J.L. 187 (E. & A. 1947); Bauer v. City of Newark, 7 N.J. 426 (Sup. Ct. 1951). Cases in other jurisdictions are in accord. See DeKam v. Streator, *600 316 Ill. 123, 146 N.E. 550 (Sup. Ct. 1925); Gutta-Percha & Rubber Mfg. Co. v. Village of Ogalalla, 40 Neb. 775, 59 N.W. 513 (Sup. Ct. 1894).
Defendant's motion for judgment of dismissal is granted.