BALLAGH REALTY COMPANY, INCORPORATED, PROSECUTOR-RESPONDENT, v. BOROUGH OF DUMONT, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided May 24, 1933.

For the appellant, *James S. De Turck*.

For the respondent (no brief submitted).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of the Supreme Court setting aside assessments against lands of the prosecutor-appellant, the matter having been heard by the court on *certiorari*.

The municipality had, by proceedings, the legality of which is not questioned, constructed a storm water drain in certain streets and avenues. It was then found to be necessary, or advisable, to construct certain underdrains connecting up with this storm water drain. There seems to have been two methods by which this latter construction could be carried on, varying widely in cost. The less costly was the constructing of the underdrains over certain property of the Ballagh Realty Company and Clyde Christie.

This method, or plan, was adopted and deeds conveying the necessary easements were executed and delivered to the borough and the drains built.

Lands of the prosecutor-respondent, Ballagh Realty Company, were assessed for benefits arising from the construction of the storm drains; its lands over which the easements before mentioned were granted were not assessed for the benefits arising from the laying of the underdrains therein.

In the Supreme Court the prosecutor-respondent insisted that the consideration for the granting of these easements was that its lands should not be assessed for benefits arising from the construction of either the storm water drain or underdrains and, therefore, the assessments which had been levied against its lands for benefits arising from the construction of the storm water drains, were improper, violated its agreement with the municipality and should be set aside. Upon this point the municipality urged that its agreement extended only to the exemption from assessment of the lots over which

the easements were granted and then only for the construction of the underdrains.

The single affirmative action of the municipality in this direction was a resolution of April 3d, 1929, which, so far as pertinent, is as follows: "Resolved, that the attorney be and hereby is instructed to obtain easements from the Ballagh Realty Company and from Clyde Christie for the purpose of laying underdrainage along these easements from Manhattan Terrace north.

Provided that the grantors are not assessed for the cost of constructing such drainage  *  *  *."

Depositions were taken and presented to the court below upon the question as to whether the bargain and agreement was as asserted by the prosecutor or by the municipality and that court seems to have acted upon the theory that the resolution of April 3d, 1929, was ambiguous and that these proofs were to be searched and used to assist it in construing its language. This may be open to debate but it is not necessary for us to decide the point.

There seem to be two grounds urged, upon this appeal, why the judgment of the Supreme Court is erroneous and should be reversed.

These we will consider in their inverse order.

Ground 2 is "there were no facts before the Supreme Court which justified a finding that the borough of Dumont had exempted the Ballagh Realty Company, Incorporated, from assessments for storm drains constructed by virtue of ordinance No. 302."

An examination of the proofs before the court below discloses that there were facts to support its finding although such proofs were in discord upon the subject which that court was called upon to determine.

Where this is so, this court will not disturb the finding of fact of the Supreme Court. *Long Dock Co.* v. *State Board,* 90 *N. J. L.* 701; *Pennsylvania Railroad Co.* v. *State Board,* 98 *Id.* 283; *Zubler* v. *Porter, Ibid.* 444, 448.

If this was all that we were called upon by this appeal to pass upon an affirmance of the judgment under review would be called for.

But the remaining ground of appeal is—Ground 1—"The Supreme Court erred in finding that the borough of Dumont, by agreement, had exempted the appellee from assessments for the installation of storm water drains as well as from an assessment for the installation of the additional underdrainage, pursuant to the resolution adopted on April 3d, 1929."

Under this ground it is urged and argued:

1. That the borough engineer and mayor, without authority, had negotiated and bargained with the respondent respecting the consideration for the easements.

2. That, therefore, they were unauthorized agents and their agreements did not bind the municipality unless ratified by the latter; and

3. The resolution of April 3d, 1929, was not a legal and binding ratification because not submitted to and approved by the mayor as required by section 27 of the Borough act of 1897, it being an act pecuniarily obligating the borough.

It may be urged that these matters were not presented to and argued before the Supreme Court.

The opinion of the court makes no reference thereto. If they were not they are not properly before us.

A court of last resort need not hear a party as to a question which could have been, but was not, raised in an intermediate court of appeal, except where the question goes to the jurisdiction of the subject-matter or where a question of public policy is involved. *State* v. *Shupe,* 88 *N. J. L.* 610; *Franklin* v. *Millville,* 98 *Id.* 262, 263, and cases therein cited.

An examination of the brief of the defendant, in the Supreme Court, discloses that these questions were urged and argued therein. There is nothing before us showing that they were not actually urged and pressed. We are here dealing with proceedings of a municipal corporation, affecting public moneys. The members of such a body are restricted and controlled in their acts and discretions by the authority bestowed by the legislature and may act only within the field and along the lines thus confined and granted.

We assume, therefore, that these matters were urged in the court below, and, therefore, are properly before this court.

We are neither holding nor suggesting that such would be our attitude in a case where the public is not involved.

There is no direct or affirmative proof that the borough engineer or the mayor were authorized to negotiate with the respondent.

The mayor testified that he was not.

The borough engineer did not testify as to what, if any, authority he had.

From certain reports to the governing body made by him it may reasonably be inferred that they had knowledge that he was negotiating for the easements in question.

But we think this is not material or controlling.

If he was authorized to negotiate, the result, therefore, became a contract binding upon the municipality only, if and when the latter acted thereon in the manner required by statute. If he was not authorized to negotiate and enter into a contract his acts were not binding upon the borough unless and if they were ratified by action of the latter within the power conveyed and bestowed by statute.

These questions are fully discussed and disposed of in *Giardini* v. *Dover* 101 *N. J. L.* 444, and *Potter* v. *Metuchen,* 108 *Id.* 447.

Undoubtedly the situation presented is one in which, if the municipality is liable, its action was such as to pecuniarily obligate it. *Hendrickson* v. *Point Pleasant,* 65 *N. J. L.* 535; *Sturr* v. *Elmer,* 75 *Id.* 443.

This required action to be taken under the requirements and limitations imposed by section 27 of the Borough act of 1897, *supra.*

The record before us does not show compliance therewith and, therefore, for that reason the municipality did not become legally bound or obligated.

Turning to the proposition that the negotiations and agreement arose through the acts of unauthorized agents requiring ratification upon the part of the municipality the result is not different.

A municipal corporation is liable for contracts entered into by unauthorized agents, where such contract is within the

scope of its corporate power, if ratified by it, but such ratification does not take place and does not exist when it is in defiance of express conditions imposed by law.

Limitations upon the form and method of contracting are limitations upon the power itself. *Frank* v. *Board of Education of Jersey City,* 90 *N. J. L.* 273, and cases therein cited analyzed and applied.

The contract relied upon before us to be binding upon the appellant, being one tending to pecuniarily obligate it, required, whether it was negotiated by authorized or unauthorized agents, that it be evidenced by an affirmative act of the governing body, making either for a contract or ratification thereof, which was submitted to the mayor for and had his approval.

Obviously this was not done and, therefore, the judgment under review must be and is reversed.

*For affirmance*—VAN BUSKIRK, HETFIELD, DEAR, JJ.   3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, HEHER, KAYS, WELLS, DILL, JJ.   9.