JOHN BAUER, PLAINTIFF-APPELLANT, v. CITY OF NEWARK, DEFENDANT-RESPONDENT.

Argued May 7, 1951—Decided June 18, 1951.

428

*Mr. Harry V. Osborne, Jr.,* argued the cause for appellant (*Messrs. Osborne, Cornish & Scheck,* attorneys).

*Mr. George B. Astley* argued the cause for the respondent (*Mr. Charles Handler,* attorney).

The opinion of the court was delivered by

HEHER, J. Plaintiff appeals from a judgment of the Superior Court dismissing the complaint in this action *ex contractu* as deficient in the statement of a cause of action. The complaint is in two counts: the first alleges that on January 24, 1947, the City of Newark, "by its Mayor, Vincent J. Murphy, and its Corporation Counsel, Thomas L. Parsonnet, engaged the plaintiff as an expert economist, for the agreed compensation of $15,000," to act on its behalf in the telephone rate case then pending before the Board of Public Utility Commissioners of New Jersey, and upon performance of the service paid $5,000 on account of the contract price, and demanded judgment for the balance; the second seeks recovery of the reasonable value of the service thus rendered, fixed at the same sum. By answer, Newark denied the allegations of both counts of the complaint and set up by separate defenses (a) an obligation to pay but $5,000 for the service, and full payment, and (b) want of authority in the mayor and corporation counsel to act for it in the premises. Therein, Newark reserved the right to move at the trial for a judgment of dismissal for failure of the complaint to declare a cause of action. The pretrial order included the same reservation.

On the trial, the motion to dismiss the complaint was renewed. There was a stipulation of facts which, by consent of counsel, was submitted for consideration on the motion "as part of the complaint or a modification of it." The motion was granted on the ground that the mayor and the corporation counsel, either singly or together, did not have authority to obligate the municipality to pay for such service, and there was no ratification of the purported

employment. The judge found that the resolution "negatived any ratification"; also that "the complaint is not based on any theory of ratification, and nothing showing ratification is presented in the pleadings." In that view he deemed it unnecessary to decide whether the asserted contract was unenforceable for want of an appropriation to pay for the service, save as provided in the resolution.

Plaintiff's appeal to the Appellate Division of the Superior Court was certified here for decision on our own motion.

It is now stipulated that the sole question for decision on the appeal is whether the complaint states a cause of action; and that "in order to determine this question, it is necessary to consider only the complaint itself, a stipulation considered by the trial court upon argument" of the motion to dismiss, and the deliverance of the trial court in granting the motion.

The essence of the stipulation submitted on the motion to dismiss is that plaintiff performed the service in suit; that on October 22, 1948, Newark paid him $5,000 "out of a contingent fund," which "was subsequently charged to an appropriation" in its budget for 1950; that this payment was authorized by a resolution adopted by Newark on February 26, 1947, and there was no other resolution or ordinance "authorizing the payment of any moneys to the plaintiff"; that "no further sum was expressly fixed by annual budget" of Newark "to meet any obligation due plaintiff," and no other sum "was paid the plaintiff by the defendant or charged to any contingent fund of the defendant for payments due the plaintiff"; and that plaintiff, after performance of the work, "billed" Newark for $10,000, Camden for $2,000, and Elizabeth for $2,000. The resolution of February 26, 1947, recited the governing body's "duty and responsibility" to protect the citizens of Newark "against unfair and unreasonable rates," its invitation to Jersey City, Paterson, Elizabeth, Trenton and Camden "to join as intervenors in the further hearings" before the Utility Commission in the service of

the common cause, the need for a rate expert whose employment would require "an expenditure of $15,000, which the municipalities mentioned would pay in proportion to their respective populations," and then authorized the mayor and corporation counsel of Newark "to join with the cities abovementioned in intervening in the hearings," and appropriated $5,000 "as and for the expenses of such intervention, representing the share of the City of Newark in the cost of the said rate expert." The stipulation included the 1949 population of the cities invited to intervene, and sufficient to indicate the performance of the service within the budget year. Of this, more hereafter.

It is contended that "there was nothing in the limited stipulation concerning the authority of the Mayor or Corporation Counsel to employ the plaintiff," and it was error to determine this question "as a matter of law," thus barring plaintiff from showing "as a matter of fact" that these officers "were acting within their authority." It is suggested that, even though the subject matter be deemed wholly "non-departmental" and so within the sole jurisdiction of the local governing body, there is available evidence to prove that at an "executive session" attended by plaintiff, the governing body employed him as a rate expert in the pending proceeding and undertook to pay him $15,000 for the service, the whole to be Newark's burden if there were no intervening municipalities who would share the expense, and that, at all events, Newark ratified the contract by acceptance of the service. The case of *De Muro v. Martini*, 1 *N. J.* 516 (*Sup. Ct.* 1949) is invoked.

The sufficiency of the complaint is a defense that may be made by motion or answer, at the option of the pleader. If, on a motion to dismiss the complaint for failure to state a cause of action, matters *aliunde* are presented to and not excluded by the court, the motion shall be treated as one for summary judgment, and all parties shall be given reasonable opportunity to present all material pertinent to such a motion. *Rules* 3:12–2, 3:12–3, 3:56–1, *et seq.* If, on a motion

of the latter class, judgment is not rendered upon the whole case or for all the relief asked and a trial becomes necessary, the court shall, if practicable, determine on a view of the pleadings and the evidence before it, and by interrogating counsel, the facts that are not the subject of substantial controversy and the "material facts" which "are actually and in good faith controverted," and shall thereupon make an order directing such further proceedings in the action "as are just," and upon the trial of the action the facts not in controversy shall be deemed established, "and the trial shall be conducted accordingly." *Rule* 3:56–4. Leave to proceed may be given unconditionally or upon terms "deemed just." *Rule* 3:56–5.

█ In all seeming, the design of the motion was to determine the sufficiency of the complaint, as expanded by the factual submission by stipulation. We are not voicing our approval of this procedural course. Suffice it to say that the proceeding was had by consent, and in the special circumstances we think the determinative inquiry should be substantive justice rather than procedural propriety.

█ The want of corporate sanction for the pleaded contract was not conclusively established, and it was error to dismiss the complaint on that ground. And, generally, ratification need not be specially pleaded. *Rule* 3:8–1 provides that a pleading which sets forth a claim for relief shall contain a statement of the facts on which the claim is founded showing that the pleader is entitled to relief. In actions *ex contractu*, it suffices if the pleading allege the making of the contract, the obligation thereby assumed, and the breach. Ratification is ordinarily the equivalent of prior authority. *Gulick & Holmes v. Grover*, 33 *N. J. L.* 463 (*E. & A.* 1868). Proof of a contract made through an agent sustains an averment that it was made by the principal. 17 *C. J. S.* 1215.

Yet, for another reason shown by the stipulation, the pleaded contract did not come into being and the action is therefore not maintainable. *R. S.* 40:2–29, as amended by *c.* 155 of the *Session Laws of* 1945 (*Pamph. L.* 542), ordains

that, except as may be otherwise provided in *R. S.* 40:2–31, "no officer, board, body or commission shall, during any fiscal year, expend any money (except to pay notes, bonds, or interest thereon), incur any liability, or enter into any contract which by its terms involves the expenditure of money: a. For any purpose for which no appropriation is provided in the budget or by temporary appropriation pursuant to section 40:2–12 * * *, or b. In excess of the amount appropriated for any such purpose"; and that "Any contract, oral or written, made in violation hereof shall be null and void as to the county or municipality, and no moneys shall be paid thereon." The making of contracts or the expenditure of money for "capital projects to be financed in whole or in part by the issuance of notes, or bonds," and the making of "contracts of lease or for services or for fuel to be used for heating purposes for a period exceeding the fiscal year in which such contract is made, when otherwise provided by law," are not within this interdiction. It is to be said, in passing, that *R. S.* 40:2–31 has no application. And *R. S.* 40:50–6, as amended by *c.* 189 of the *Session Laws of* 1941 (*Pamph. L.* 576), provides that no municipality "shall enter into any contract, the cost of which is to be met by funds not included in the budget of appropriations for the year, unless prior thereto there shall have been regularly adopted by the governing body an ordinance authorizing an appropriation sufficient to meet the cost of carrying out the provisions of the contract." This provision is not applicable to "the use of funds of departments, for the operation of which budget appropriations are not made," nor to "contracts for professional services for the liquidation or foreclosure of tax title liens in such municipalities wherein it is agreed that the cost of the services are to be paid, in all or in part, from the funds derived, or to be derived from the redemption of liened property or the sale of foreclosed property, subject to approval of the Department of Local Government." For the policy and peremptory nature of these legislative mandates, see *Frank Grad & Son, Inc., v. Newark,* 118 *N. J. L.*

376 (*E. & A.* 1937); *Murphy v. West New York,* 132 *N. J. L.* 595 (*Sup. Ct.* 1945); and *Samuel v. Borough of South Plainfield,* 136 *N. J. L.* 187 (*E. & A.* 1947).

The stipulation reveals that the service was hired and performed within the fiscal year 1947, and that such performance was within the contemplation of the parties. The application for the rate increase was made January 26, 1947. An amended application was filed July 7th ensuing. The Utility Commission held hearings thereon between February 10 and August 20, 1947. Plaintiff was retained in January, 1947; and he testified at the hearings held May 8 and 9 and June 24, 1947. Thus, by force of the statute, the purported contract is *ultra vires* and void. The case of *De Muro v. Martini, supra,* is not in point. The *ratio decidendi* of that case is that the cited statutory limitations have no application to housing construction done pursuant to *R. S.* 55:14(*G*)–1, *et seq.*

Generally, an *ultra vires* contract, being void, is not subject to ratification, express or implied. *Hackettstown v. Swackhamer,* 37 *N. J. L.* 191 (*Sup. Ct.* 1874); *Potter v. Metuchen,* 108 *N. J. L.* 447 (*Sup. Ct.* 1931). On principle a void contract is not validated by performance. Yet there is a distinction between a purported contract which the municipality is utterly without capacity to make under any and all circumstances and a contract within the general powers of the corporation but void and unenforceable for lack of an appropriation, as in the case at hand, or for non-conformance with a statutory condition precedent, as distinguished from an *intra vires* contract merely voidable for want of authority or for an irregularity in the exercise of the contractual power. *Campbell v. Hackensack,* 115 *N. J. L.* 209 (*E. & A.* 1935); *Frank v. Board of Education of Jersey City,* 90 *N. J. L.* 273 (*E. & A.* 1917); *Bourgeois v. Freeholders of Atlantic,* 82 *N. J. L.* 82 (*Sup. Ct.* 1911); *Potter v. Metuchen, supra.* See, also, *Hoboken Local No. 2, New Jersey State Patrolmen's Benevolent Ass'n. v. Hoboken,* 23 *N. J. Misc.* 334 (*Sup. Ct.* 1945), affirmed 134 *N. J. L.* 616

(*E. & A.* 1946). But the distinction has no significance here. The purported contract is rendered null and void by the statute; and the statutory policy may not be set at naught by indirection. The particular *ultra vires* act can be adopted or ratified only by full compliance with the statutory prerequisites to contractual liability in the first instance. *Ballagh Realty Co., Inc., v. Dumont,* 111 *N. J. L.* 32 (*E. & A.* 1933). Where an express promise to pay for a service to be performed is *ultra vires* and void for failure of conformance with statutory restrictions upon the exercise of the contractual power, an implied promise to pay cannot arise from the acceptance of the service. *Peoples Water Co. v. Millville,* 95 *N. J. Eq.* 732 (*E. & A.* 1924). The law will not imply a promise to pay when that course would flout an explicit statutory mandate; and, by the same token, there can be no recovery on a *quantum meruit*. The law will not thus permit the annulment of the statutory limitation upon the contractual authority of municipalities. Here, it is expressly provided by *R. S.* 40:2–29, cited *supra*, that "no moneys shall be paid" on a purported contract thereby made void. And it goes without saying that, in keeping with the general law of contracts, the valid provisions of a contract which do not in their entirety satisfy the statutory policy are enforceable, if severable.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, BURLING and ACKERSON—6.

*For reversal*—Justice WACHENFELD—1.