672 A.2d 1279

INDEPENDENCE ONE MORTGAGE CORP., PLAINTIFF–RESPON-DENT, v. CORA T. GILLESPIE, DEFENDANT–APPELLANT, AND CONSUMERS OIL SERVICE, R.H. MACY & CO., INC., FIDELITY BANK & TRUST CO., DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted February 14, 1996—Decided March 27, 1996.

Before Judges PRESSLER, KEEFE and A.A. RODRÍGUEZ.

*David Paul Daniels,* attorney for appellants.

*Shapiro & Kreisman,* attorneys for respondent (*Jeffrey A. Grabowski,* on the brief)..

The opinion of the court was delivered by

KEEFE, J.A.D.

The sole issue presented on appeal is whether a sheriff's sale conducted at 11:00 a.m. in accordance with the advertised

notice of sale, but in violation of *N.J.S.A.* 2A:61–4 which requires such sales to be conducted between the hours of 12:00 noon and 5:00 p.m., is void or merely voidable. Defendant Cora T. Gillespie, the mortgagor of the foreclosed premises, relying on *Empire of Am. Realty v. Mancine,* 280 *N.J.Super.* 617, 656 *A.*2d 66 (Ch.Div. 1994), contends that the sale was void and of no effect. Plaintiff mortgagee contends that the sale is merely voidable and was subject to attack only if contested within the time permitted by *R.* 4:65–5. The trial judge agreed with plaintiff and denied defendant's application to set aside the foreclosure sale. This appeal followed.

It is uncontroverted that the initial sale of the foreclosed premises was scheduled for September 16, 1994, at 11:00 a.m. At defendant's request the sale was postponed until October 14, 1994, at the same time. When defendant asked for the postponement she did not object to the time scheduled for the sale. She did not appear at the adjourned sale, and the property was sold to the plaintiff mortgagee for the nominal bid of $100. Defendant did not object to the sale within the time provided for such action by *R.* 4:65–5. No challenge was made by defendant to the sale until the subject motion in May, 1995 was made to vacate the sale on the ground that it was void.

The foreclosure sale which occurred on October 14, 1994 at 11:00 a.m. was in violation of *N.J.S.A.* 2A:61–4 inasmuch as it did not take place between the hours of 12:00 noon and 5:00 p.m. In *Empire of Am. Realty, supra,* the Chancery Division held that "the departure from this legislative command is material and, as such, renders the sale void, not merely voidable." *Id.* at 621, 656 *A.*2d 66. Consequently, the court found that "the resultant sale must be declared a nullity." *Ibid.* Notwithstanding that statement, the court also held that had the objector to the sale been given actual notice of the time of the sale, and had it been the successful bidder, "the sale would be free from attack" unless there was an objection within the time provided by *R.* 4:65–5. *Id.* at 622, 656 *A.*2d 66.

■ The holdings are inconsistent. A void act is a nullity and can never be cured by subsequent events, because it is an act by a public official "utterly without capacity" to act in that manner. *Bauer v. City of Newark*, 7 *N.J.* 426, 434, 81 *A.2d* 727 (1951). Thus, if the Sheriff's sale in this case was void, failure to comply with the time limits provided by *R.* 4:65–5 could not have the effect of validating the sale.

■ We disagree with *Empire of Am. Realty, supra*, to the extent that it holds that a sheriff's sale conducted at a time other than as provided by *N.J.S.A.* 2A:61–4 is void. An act by a public official that is *ultra vires* is a void act, whereas an *intra vires* act is merely voidable. *Bauer, supra*, 7 *N.J.* at 434, 81 *A.2d* 727. The inquiry is whether the official was "utterly without capacity" to perform the act, or whether the act is only "voidable for want of authority." *Ibid.* Where, for example, a contract is entered into by "an unauthorized agency," but the municipality has the power to enter into such contracts, the contract is not void; it is voidable. *De Muro v. Martini*, 1 *N.J.* 516, 522, 64 *A.2d* 351 (1949). Thus, a void act results where the public officer has no authority to act at all, whereas a voidable act results from the officer's imperfect execution of an otherwise lawful act.

In the context of this case, the sheriff was authorized to sell the property at foreclosure sale by reason of the judgment of foreclosure and the provisions of *N.J.S.A.* 2A:50–19. The provisions of *N.J.S.A.* 2A:61–1 to –21, of which *N.J.S.A.* 2A:61–4 is a part, on the other hand, address procedural matters concerning the manner in which the sheriff carries out his authorized power to sell. Thus, the sale of the property to plaintiff was authorized, but it was imperfectly executed. Consequently, the sale was merely voidable upon proper' challenge. A conclusion to the contrary would leave unsettled the validity of title passed by the sheriff resulting from such sales. In this case, defendant mortgagor was aware of the date, time, and place of the sale. Therefore, if she wished to challenge the sale, she was required to do so within the time provided by *R.* 4:65–5. Her failure to do so in a timely

fashion resulted in the proper denial of her motion to vacate the sale.

Affirmed.